IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 17-143-4 |
| | ) | |
| | ) | |
| DAVID KENDRICK, | ) | |
| | ) | |
| Defendant. | | |

# MEMORANDUM OPINION

Defendant David Kendrick ("Kendrick") filed a motion captioned "supplemental objection to presentence investigation report" (ECF No. 368). The caption is misleading -- the substance of the motion is a request to withdraw his guilty plea, or to convert his plea to a lesser included offense. Kendrick argues that, based on the recent decision in *United States v. Rowe*, No. 18-1192, 2019 WL 1446807 (3d Cir. April 2, 2019), there is no factual basis to find him guilty of conspiracy to distribute and possess with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 846, as charged in the indictment. Kendrick argues that although the total amount of crack cocaine discussed in the wiretaps was more than 28 grams, the wiretaps do not prove that he possessed 28 grams or more of crack cocaine at any one time. (ECF No. 368 at 2). The government filed a response in opposition to the motion (ECF No. 392) and it is ripe for disposition.

Standard of Review

There is no absolute right to withdraw a guilty plea. *United States v. Ho-Man Lee*, 664 F. App'x 126, 127–28 (3d Cir. 2016) (citing *United States v. Vallejo*, 476 F.2d 667, 669 (3d Cir. 1973)). A defendant faces a "substantial burden" in demonstrating that withdrawal should be

allowed. *Id*. (citing *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011)). Federal Rule of Criminal Procedure 11(d)(2)(B) states, "[a] defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal."

The court applies the three "*Jones* factors" to evaluate whether a defendant has articulated a "fair and just reason" to withdraw his plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal. *Id*. (citing *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)). To satisfy the first factor, a defendant must make a credible showing of innocence, supported by a factual record. *Id*. A "blanket assertion of innocence" will not suffice. In analyzing the second factor, a defendant must give "strong reasons" to justify withdrawing what the court has described as a "solemn admission" of guilt. *Id*. (citing *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1998)). A "shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons" to withdraw a guilty plea.

Legal Analysis

Kendrick argues, based on the new precedent in *Rowe*, that he cannot be guilty of conspiracy to distribute 28 grams or more of crack cocaine unless there is proof that he possessed 28 grams or more on a single occasion. In *Rowe*, the defendant was charged in a one-count indictment with distribution and possession with intent to distribute 1000 grams of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The court of appeals held that the evidence was insufficient to meet the 1000 gram threshold. Each unlawful "distribution" is a separate offense, as opposed to a continuing crime, and the government conceded that it did not present

evidence of any single distribution involving 1000 grams. *Id*. at *4. Unlike distribution, possession with intent to distribute a controlled substance is a continuing offense, i.e., "a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy." *Id.* at *5. In *Rowe*, the government conceded and the court held that the drug quantity threshold cannot be met by combining multiple distributions and discontinuous possessions during the indictment period. *Id.* The evidence in the case was insufficient to allow a rational juror to conclude that the defendant possessed with intent to distribute 1000 grams of heroin at any one time. *Id*. at *6.

*Rowe* did not involve a conspiracy conviction and did not purport to overrule binding Third Circuit precedent about how to calculate drug quantity for a conspiracy conviction. As explained in *Hardwick v. United States*, No. CV 12-7158, 2018 WL 4462397, at *14 (D.N.J. Sept. 18, 2018):

> [i]n drug conspiracy cases, *Apprendi* requires the jury to find only the drug type and quantity element as to the conspiracy as a whole, and not the drug type and quantity attributable to each co-conspirator. The finding of drug quantity for purposes of determining the statutory maximum is, in other words, to be an offense-specific, not a defendant-specific, determination. The jury must find, beyond a reasonable doubt, the existence of a conspiracy, the defendant's involvement in it, and the requisite drug type and quantity involved in the conspiracy as a whole.
>
> *United States v. Whitted*, 436 F. App'x 102, 105 (3d Cir. 2011) (quoting *United States v. Phillips*, 349 F.3d 138 142-43 (3d Cir. 2003), vacated and remanded on other grounds sub nom. *Barbour v. United States*, 543 U.S. 1102 (2005).

Because the drug quantity for the crime of conspiracy is an offense-specific determination involving the quantity involved in the entire conspiracy, it necessarily follows that those drugs need not be possessed by any one conspirator at one specific time. *United States v. Woodley*, No. 13-113, 2016 WL 4523924, at *5 (W.D. Pa. Aug. 22, 2016) (citing *United States v. Garvey*. 588 Fed. Appx. 184, 188 (3d Cir. 2014) ("With respect to the amount of controlled substance, a

finding must be made as to the drug type and quantity involved in the conspiracy as a whole, not the quantity attributable to each co-conspirator").

The court maintains a clear distinction between conspiracy and substantive drug offenses in how to calculate drug quantity. The essence of the crime of conspiracy is an agreement to commit an unlawful act – such an agreement is a distinct evil which may be punished whether or not the substantive crime ensues. *Whitted*, 436 F. App'x at 104 (rejecting a challenge to drug quantity). The court stated: "Whitted confuses the relevance of evidence for a substantive offense, versus that for a conspiracy offense, which requires no completed act." *Id*. In *Garvey*, the court rejected a challenge to drug quantity and explained that the defendant conflated the substantive drug possession and conspiracy offenses. 588 F. App'x at 189. The court noted that even though a charge of possession of 10 pounds of marijuana in September 2009 was dismissed, he could still be found guilty of conspiracy to distribute those 10 pounds of marijuana. *Id*. at 188. *Accord United States v. Gori*, 324 F.3d 234, 237 (3d Cir. 2003) (the rules "disallowing aggregation of multiple drug transactions for § 841(b) purposes did not extend to multiple drug transactions as part of a conspiracy"). In summary, calculation of the drug quantity for a conspiracy crime is not governed by the recent decision in *Rowe*. Kendrick may be held responsible for the reasonably foreseeable quantity of crack cocaine involved in the conspiracy as a whole. *United States v. Braddy*, 722 F. App'x 231, 237 (3d Cir. 2017) (defendant is responsible for "all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook") (*quoting United States v. Perez*, 280 F.3d 318, 353 (3d Cir. 2002)).

Application of the Jones Factors

Because the court concludes that *Rowe* does not apply to conspiracy crimes, application of the *Jones* factors is straightforward. Kendrick asserts his innocence as a matter of law, not fact. He admits that he engaged in a conspiracy to distribute and possess with intent to distribute crack and powder cocaine and he admits that the drug quantities attributable to him were 97 grams of crack cocaine and 427 grams of powder cocaine. PIR ¶ 14; ECF No. 352. Kendrick disputes only the issue of whether he possessed more than 28 grams of crack cocaine at one time. Based on the analysis set forth above, defendant's reasons for withdrawing his guilty plea are not strong. The court's recent decision in *Rowe* does not apply to conspiracy crimes. The third *Jones* factor regarding prejudice to the government is neutral and does not weigh in favor of either granting or not granting the motion. The government's claim of prejudice is somewhat weak because Kendrick would still enter a guilty plea to a lesser offense and be sentenced. On the other hand, the government is generally entitled to rely on the enforceability of a guilty plea entered by a defendant.

Conclusion

After considering all the factors, the court finds that Kendrick did not meet the substantial burden to withdraw his guilty plea. Defendant's motion to withdraw his guilty plea (ECF No. 368), is DENIED.

An appropriate order follows.

May 17, 2019

BY THE COURT:

/s/ Joy Flowers Conti
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 17-143-4 |
| | ) |
| DAVID KENDRICK, | ) |
| Defendant. | ) |

# ORDER OF COURT

AND NOW this 17th day of May, 2019, in accordance with the foregoing opinion, it is hereby ORDERED that Defendant's motion to withdraw his guilty plea (ECF No. 368), is DENIED.

BY THE COURT:

/s/ Joy Flowers Conti
Senior United States District Judge