IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 17-143 |
| ) | |
| DAVID KENDRICK, ) | Civil No. 22-558 |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION

I.  Introduction

Pending before the court is a motion to modify sentence pursuant to 18 U.S.C. § 2255 (ECF No. 529) filed pro se by defendant David Kendrick ("Kendrick"), with brief in support (ECF No. 530). The motion and brief assert different arguments. In the motion, Kendrick contends that his conviction was unconstitutional under *United States v. Rowe*, 919 F.3d 752 (3d Cir. 2019) and *United States v. Alleyne*, 570 U.S. 99 (2013), because the government failed to plead that he conspired to actually possess the amount of drugs needed to satisfy the statutory mandatory minimum at a given time, rather than aggregating the drugs involved in the conspiracy as a whole. (ECF No. 529 at 2). In his brief, Kendrick alleges that under *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc) (holding that inchoate crimes are not predicate offenses for career offender status), he was wrongfully classified as a career offender under the sentencing guidelines. (ECF No. 530). The court will consider both arguments. The government filed a response in opposition (ECF No. 533). The motion is ripe for disposition.

II.  Procedural Background

On January 3, 2019, Kendrick pleaded guilty to count 1 of the indictment at Crim. No. 17-143, which charged him with conspiracy to distribute and possess with intent to distribute a

1

quantity of cocaine and a quantity of crack cocaine and 28 grams or more of crack cocaine, from January to May 2016, in violation of 21 U.S.C. § 846.  There was no plea agreement.  The government filed a § 851 information about a prior serious drug conviction.

On May 17, 2019, the court denied Kendrick's motion to withdraw his guilty plea (ECF No. 395).  In its opinion, the court rejected the same argument based on *Rowe* and *Alleyne* that Kendrick now re-asserts in the pending § 2255 motion (ECF No. 395 at 4) ("calculation of the drug quantity for a conspiracy crime is not governed by the recent decision in *Rowe*.").  On October 15, 2020, the court of appeals issued a decision affirming this decision and Kendrick's conviction and sentence (ECF No. 481 at 2).

The probation office prepared a presentence investigation report (ECF No. 338).  Kendrick was classified as a career offender.  Based on offense level 34 and criminal history VI, the advisory guideline range was 262-327 months.  Without the career offender designation, Kendrick's offense level would have been 23 and he would have been in criminal history V.  The applicable advisory guideline range would have been 84-105 months, but Kendrick faced a statutory mandatory minimum of 120 months in prison.

On May 23, 2019, the court sentenced Kendrick to a term of imprisonment of 130 months, to be followed by 8 years of supervised release.  The term of imprisonment represented a large downward variance (122 months) from the advisory guideline range of 262-327 months and was 10 months above the statutory mandatory minimum.  The United States Court of Appeals for the Third Circuit affirmed Kendrick's conviction and sentence (ECF No. 481).  The Supreme Court denied Kendrick's writ of certiorari on April 19, 2021.  The government recognizes that Kendrick's § 2255 motion is timely, because it was filed within the 1-year limitations period provided in § 2255(f).

III. Discussion

A. *Rowe* and *Alleyne*

Kendrick's argument based on *Rowe* and *Alleyne* has already been considered and rejected by this court and the United States Court of Appeals for the Third Circuit. In short, as this court previously explained, *Rowe* did not involve a conspiracy conviction and did not purport to overrule binding Third Circuit Court of Appeals precedent about how to calculate drug quantity for a conspiracy conviction.

This court cannot reconsider arguments that <u>were</u> raised and rejected by the court of appeals in a direct appeal. *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) ("many cases" have held that § 2255 may not be used to relitigate questions which were raised and considered on direct appeal). Accordingly, Kendrick's § 2255 motion on this ground must be denied.

B. *Nasir*

Kendrick argues in his supporting brief that based on the decision in *Nasir*, 982 F.3d at 144, he was wrongfully classified as a career offender under the sentencing guidelines in his original sentence. The government contends: (1) this argument is procedurally defaulted because Kendrick did not raise it in his direct appeal; and (2) this argument is not cognizable under § 2255.

A district court is required to hold an evidentiary hearing on a § 2255 motion if "the files and records of the case are inconclusive as to whether the movant is entitled to relief." *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). The court concludes that an evidentiary hearing is not necessary. The court concludes that any alleged error in Kendrick's career offender status under the guidelines cannot be remedied by way of a § 2255 motion. The court does not reach the procedural default argument.

In *United States v. Folk*, 954 F.3d 597, 600 (3d Cir.), cert. denied, 141 S. Ct. 837 (2020), the court denied a similar § 2255 motion in which the defendant argued that his sentence was based on an incorrect career-offender designation under the advisory sentencing guidelines. The court concluded (as the first issue to be addressed) that an alleged error in the advisory guideline calculation is not cognizable in a § 2255 motion. *Id.* at 601. The court explained:

> Folk's career-offender Guideline claim does not satisfy the first three bases for § 2255 relief. He does not assert that his sentence violates the Constitution or federal law. Folk does not argue that the District Court lacked jurisdiction to impose the sentence. Nor can he argue that his sentence exceeds the maximum authorized by law because each of his federal convictions permitted a maximum of life imprisonment.

*Id.* at 601. The court held that "an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice." *Id.* at 604 (joining all sister circuits to have considered the issue). The court explained that its decision was "buttressed by four rationales: (1) the lawfulness of a sentence within the statutory limit; (2) the advisory nature of the Guidelines; (3) an interest in finality; and (4) a concern about workable standards." *Id.* The court noted that "[e]ven when based on an incorrect advisory career-offender enhancement, a sentence within the statutory maximum is lawful." *Id.*

In this case, Kendrick was classified as a career offender under the advisory guidelines. The court recognized that the guidelines were advisory and varied significantly downward from those advisory guidelines. Kendrick faced a statutory maximum of life imprisonment. Kendrick received a lawful sentence that was upheld on direct appeal. This court is bound by the precedential decision in *Folk*. *See Nixon v. United States*, No. CR 14-132-12, 2020 WL 4194130, at *5 (W.D. Pa. July 21, 2020) ("Nixon's claim that he was improperly designated as a career-offender is not cognizable under § 2255.") (citing *Folk*). Kendrick's § 2255 motion on

this ground must be denied.

Kendrick failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability is therefore denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IV. Conclusion

For the reasons set forth above, the motion to modify sentence pursuant to 18 U.S.C. § 2255 (ECF No. 529) filed pro se by defendant David Kendrick will be denied. A certificate of appealability will not issue. Civil Action No. 22-558 will be marked closed.

An appropriate order will be entered.

Dated:     September 8, 2022.          BY THE COURT:

                                       s/ Joy Flowers Conti
                                       Joy Flowers Conti
                                       Senior United States District Judge